**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**S.S., an Infant under the age of 14 years, by her Mother and Natural Guardian SHAREE D. STEPHENS, and SHAREE D. STEPHENS, Individually,**

                **Plaintiffs,**

    vs.

**THE UNITED STATES of AMERICA,**

                **Defendant.**

**COMPLAINT**

**Civil Action No:** 1:18-cv-433 (LEK/DJS)

---

Plaintiffs, Sharee D. Stephens, individually and as the natural parent and guardian of S.S., an infant, by and through their attorneys, Powers & Santola, LLP, as and for a complaint against the Defendant, United States of America, allege that at all times hereinafter mentioned:

## INTRODUCTION

1.     This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence and medical malpractice in connection with the medical care provided to Plaintiffs by The Institute For Family Health located at 3 Family Practice Drive, Kingston, NY 12401 and OB/GYN and Specialty Care Center of Kingston located at 1 Foxhall Avenue, Kingston, NY 12401.

2.     The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's

negligence.

3.  Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

4.  On or about August 6, 2015, Plaintiffs filed a Summons and Complaint in the Ulster County Clerk's office, in the state of New York.

5.  On or about February 15, 2017, the claims against The Institute For Family Health, were removed to the Northern District of New York.

6.  On or about, April 12, 2017, The Honorable Mae A. D'Agostino substituted the United States for Ephraim Eli Back, M.D., a federal employee, and dismissed the case without prejudice by order.  A copy of said order is attached as Exhibit 1.

7.  On June 2, 2017, Plaintiff, S.S., an infant, filed a form 95, Claim for Injury, Damage or Death with the Institute For Family Health, 16 East 16th Street, New York, New York 10003, by Federal Express mail within 60 days after the dismissal of the civil action in accordance with 28 U.S.C. § 2679(d)(5). Standard Form 95 on behalf of S.S., an infant (without medical records) is attached as Exhibit 2.

8.  On June 2, 2017, Plaintiff, Sharee D. Stephens, filed a form 95, Claim for Injury, Damage or Death with the Institute For Family Health, 16 East 16th Street, New York, New York 10003, by Federal Express mail within 60 days after the dismissal of the civil action in accordance with 28 U.S.C. § 2679(d)(5).  Standard Form 95 on behalf of Sharee D. Stephens (without medical records) is attached as Exhibit 3.

9.  It has been more than six (6) months since the Plaintiff S.S., an infant, filed a form 95 without receiving a final determination from the Department of Health and Human Services, and as such, she may proceed with this action.

10. On January 17, 2018, the Claim of Sharee D. Stephens against the Institute For Family Health was denied and as such, she may proceed with this action. A copy of the denial letter is attached as Exhibit 4.

## PARTIES, JURISDICTION AND VENUE

11. Plaintiff, Sharee D. Stephens is the mother of Plaintiff S.S., an infant.

12. At all times herein relevant, the Plaintiffs were and still are residents of the City of Kingston, County of Ulster and State of New York.

13. At all times herein relevant, defendant, The United States of America, through its agency, the Institute For Family Health, operates the OB/GYN and Specialty Care Center of Kingston located at 1 Foxhall Avenue, Kingston, NY 12401.

14. At all times herein relevant, OB/GYN and Specialty Care Center of Kingston, was and is a health care facility that held itself out to the Plaintiffs, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiffs.

15. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of OB/GYN and Specialty Care Center of Kingston located at 1 Foxhall Avenue, Kingston, NY 12401, were employed by and/or acting on behalf of the defendant, The United States of America.

16. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of The Institute For Family Health, including Ephraim Eli Back, M.D., were employed by and/or acting on behalf of the Defendant, The United States of America.

17. At all times herein relevant, Ephraim Eli Back, M.D., was a practicing medical

doctor, licensed to practice medicine in the State of New York, who specialized in the field of obstetrics.

18.   At all times herein relevant, Ephraim Eli Back, M.D., was an employee of the defendant, The United States of America.

19.   At all times herein relevant, Ephraim Eli Back, M.D., was a duly authorized agent of the of the defendant, The United States of America, and was acting within the scope of his employment and agency.

20.   At all times herein relevant, Ephraim Eli Back, M.D., held himself out to the Plaintiff, S.S., an infant, as being a physician who was competent and qualified in the field of obstetrics.

21.   Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

22.   Venue is proper under 28 USC §1402(b) in that the acts and omissions forming the basis of these claims occurred in the Northern District of New York.

## FACTUAL ALLEGATIONS

23.   On or about March 7, 2014, the Plaintiff, Sharee D. Stephens, presented herself for medical care and treatment, including prenatal care, at the OB/GYN and Specialty Care Center of Kingston located at 1 Foxhall Avenue, Kingston, NY 12401.

24.   The Plaintiff, Sharee D. Stephens, remained a patient of and received medical care, nursing care, emergency care, treatments, examinations, diagnostic testing and procedures, and/or other medical evaluations and procedures, in a continuing course of treatment from the OB/GYN and Specialty Care Center of Kingston, its agents, servants, employees, associates, subcontractors and/or other designees, including Bruce Meller, M.D., Beth Saltzman, CNM, Augustus Bentsi-

Barnes, M.D., and Ephraim Eli Back, M.D., in a continuous course of treatment from on or about March 7, 2014 through at least November 8, 2014.

25.   On or about November 8, 2014, the Plaintiff, Sharee D. Stephens, while at Kingston Hospital located at 396 Broadway, Kingston, New York 12401, came under the care of the defendant through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including Ephraim Eli Back, M.D.

26.   On or about November 8, 2014, the Plaintiff, Sharee D. Stephens, delivered the Plaintiff, S.S., an infant, under the care of, Ephraim Eli Back, M.D.

27.   On or about November 8, 2014, Ephraim Eli Back, M.D., negligently delivered the Plaintiff, S.S., an infant.

28.   On or about November 8, 2014, Ephraim Eli Back, M.D., negligently failed to prevent permanent injury to the Plaintiff, S.S., an infant prior to and during her delivery.

29.   That as a result of the negligence of the defendant, through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including Ephraim Eli Back, M.D., the Plaintiff, S.S., and infant, sustained severe and permanent injury including a right brachial plexus injury.

30.   One or more of the exceptions set forth in CPLR Section Sixteen Hundred Two applies to this action or claim for damages, including, but not limited to the "non-delegable duty" and "respondeat superior" liability provisions of §1602(2).

## AS AND FOR A FIRST CLAIM AGAINST DEFENDANT

31.   Plaintiffs repeat and reallege all of the allegations in this Complaint marked and designated "1" through "30" with the same force and effect as if herein set forth at length, and further allege:

32.   That the defendant, individually and/or jointly and severally and/or collectively and/or acting through their agents, servants, employees, associates and/or contractors, carelessly and negligently rendered medical care and treatment to the Plaintiff, S.S., an infant which was not in accordance with good and accepted medical practices and/or said defendants failed to provide her with medical care and treatment that was within the boundaries of good and accepted standards.

33.   That by reason of the negligence of the defendant, individually and/or jointly and severally and/or collectively and/or through their agents, servants, employees, associates and/or contractors, Plaintiff, S.S., an infant was caused to sustain severe, catastrophic and irreparable physical and mental injuries and damages, as well as conscious physical and mental pain and suffering.

34.   That by reason of the above, the Plaintiff, S.S., an infant has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A SECOND CLAIM AGAINST ALL DEFENDANTS

35.   Plaintiffs repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "30", and "32" through "34", with the same force and effect as if more fully set forth here and further allege:

36.   That as the mother of S.S., an infant Plaintiff, Sharee D. Stephens, was entitled to

the services, society and companionship of her child.

37.    That by reason of the facts aforesaid Plaintiff, Sharee D. Stephens, was deprived

of the services, society and companionship of S.S., an infant, her child.

38.    That by reason of the foregoing, Plaintiff, Sharee D. Stephens, has been damaged

in a sum of money having a present value of up to Five Hundred Thousand and

00/100 Dollars ($500,000.00).

**WHEREFORE**, Plaintiffs demand judgment against the defendant:

A.    On the First Cause of Action, in a sum of money having a present value of

up to Four Million and 00/100 Dollars ($4,000,000.00);

B.    On the Second Cause of Action, in a sum of money having a present value

of up to Five Hundred Thousand and 00/100 Dollars ($500,000.00); and

C.    Together with the costs and disbursements of this action.

DATED: April 2, 2018

_____
Amber L. Wright
USDC NDNY Bar Roll # 520017
**POWERS & SANTOLA, LLP**
Attorneys for Plaintiffs
39 North Pearl Street
Albany, New York 12207
(518) 465-5995
Awright@powers-santola.com